# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. LEE, III, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 9245 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| CHICAGO YOUTH CENTERS, an | ) | Magistrate Judge Cole |
| Illinois nonprofit corporation; and | ) | |
| J. HARRY WELLS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On June 10, 2014, I granted the plaintiff's motion to compel production of certain materials for which the defendants had incorrectly claimed attorney/client and work-product privilege. *Lee v. Chicago Youth Centers*, _F.R.D._, 2014 WL 2618537 (N.D.Ill. 2014). Familiarity with that opinion and the facts of the case are presumed and thus need not be repeated. Given my conclusion that the materials being withheld were not privileged, I did not reach the plaintiff's contention that, in any event, the defendants had waived whatever protection the withheld documents might otherwise have enjoyed, including the claim of inadvertent production.

Judge Lefkow overruled the defendant's objections except as to two documents. As to those, she sustained the objection based on privilege but instructed me to "consider whether defendants have waived attorney-client privilege with respect to the two documents at issue," namely Exhibit 7 and the first two sentences of Exhibit 16, both of which are emails. Exhibit 7 was not produced in discovery. Exhibit 16 is a response to Exhibit 7, which was produced, although the defendants claim the production was inadvertent. If the claim of inadvertent production as to Exhibit 16 fails,

obviously any claim of privilege as to Exhibit 7 fails as well: Exhibit 16 relates to Exhibit 7, the subject matter of each is the same, and therefore there cannot in this case be a partial waiver. *See Appleton Papers, Inc. v. E.P.A.,* 702 F.3d 1018, 1024 (7th Cir. 2012).

The plaintiff's motion to compel argued that the defendants' had waived any claim of attorney/client privilege, because they had taken "inconsistent and evolving positions regarding the privilege that they claim protects the materials." For example, they initially failed to identify any privilege. They then relied on the attorney/client privilege, but made no claim of work-product privilege until the third privilege log. [Dkt. # 68 at 13]. The motion then argued, citing cases, that the production of ESI materials could not be considered inadvertent given the facts of the case. *Id.*

The defendants' response to the motion to compel as it pertained to the claim of inadvertent production could scarcely have been more insouciant or inadequate. The response only cited Exhibits 15, 17, 19, 20, 22 and 35. [Dkt. #77]. In broad-brush strokes it asserted that it was "plain" that the defendants intended to maintain privilege over its communications with Dia Morgan and that it never intended to waive that privilege. But that certainly isn't accurate or even necessarily so since not "not every communication between a client and attorney is privileged. Unless the communication between the lawyer and client is made in confidence for the purpose of obtaining legal advice, the privilege does not apply. *Upjohn, supra.*" *Lee*, 2014 WL 2618537, 6 (citations omitted).

The sum total of the defendants' legal support for its claim of inadvertent production consisted of one paragraph with a series of unsupported, unexplained conclusions. Not a single case was cited and no proper factual support was offered. There was merely this statement:

> The attachments to Exhibits 22 and 35 are privileged. They are not finalized documents that existed at CYC. It is plain that CYC intended to maintain privilege over its communications with Morgan and that it never intended to waive that privilege. The production of these communications was inadvertent. CYC did take reasonable steps to keep the Morgan documents from being produced. CYC timely

informed Plaintiff's counsel of its position regarding these documents. After being alerted by Plaintiff's counsel about potential inadvertently produced documents, CYC had its vendor run a search in an attempt to determine what documents had been inadvertently produced and while it found some of the documents, it did not locate all of them because of the way the vendor had run the search. That is the reason it had not discovered two documents that Plaintiff surprised CYC with at the deposition.

The defendants' claim of inadvertent production was based solely on the unsupported statements of the defendants' counsel, even though it is basic that unsupported statements of lawyers in briefs are not evidence, do not count, and are given no weight. *Sanchez v. Bolger,* 2005 WL 3159247, 5 (N.D.Ill.2005)(Lefkow, J.). *See INS v. Phinpathya,* 464 U.S. 183, 188–89 n. 6 (1984); *United States v. Adriatico-Fernandez,* 498 Fed.Appx. 596, 599-600 (7th Cir. 2012);*United States v. Chapman,* 694 F.3d 908, 914 (7th Cir.2012); *Clifford v. Crop Production Services, Inc.*, 627 F.3d 268, 273 n.6 (7th Cir. 2010); *United States v. Diaz,* 533 F.3d 574, 578 (7th Cir.2008); *IFC Credit Corp. v. Aliano Brothers General Contractors, Inc.,* 437 F.3d 606, 610-611 (7th Cir.2006); *United States ex rel. Feingold v. AdminaStar Federal, Inc.,* 324 F.3d 492, 494, 497 (7th Cir.2003); *Car Carriers Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984). *Cf. In re: Payne,* 431 F.3d 1055, 1060 (7th Cir.2005)(Posner, J.)(unsubstantiated assertion at oral argument given no weight). An argument is waived by failure to properly support and develop in the brief the factual basis essential to its disposition *Morgan v. South Bend Community School Corp.,* 797 F.2d 471, 480 (7th Cir.1986). But that is all the defendants offered here.

Moreover, the kind of conclusory argument made by the defendants in support of their claim of inadvertent production is manifestly insufficient under consistently followed Seventh Circuit precedent, which holds that undeveloped, unsupported, perfunctory, or skeletal arguments in briefs are waived. *See e.g., Massuda v. Panda Exp., Inc*., 759 F.3d 779, 783-784 (7th Cir. 2014); *C & N*

*Corp. v. Gregory Kane & Illinois River Winery, Inc.*, 756 F.3d 1024, 1026 (7th Cir. 2014); *United States v. Beavers,* 756 F.3d 1044, 1059 (7th Cir. 2014); *Price v. Board of Educ. of City of Chicago,* 755 F.3d 605, 608 (7th Cir. 2014); *Diadenko v. Folino,* 741 F.3d 751, 757-758 (7th Cir. 2013); *Puffer v. Allstate Ins. Co.,* 675 F.3d 709, 718 (7th Cir.2012); *United States v. Adriatico-Fernandez,* 498 Fed.Appx. 596, 599 (7th Cir. 2012).

This is a principle of long standing, *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir.1991) and one that Judge Lefkow has faithfully adhered to. *See, e.g., Pantaleo v. Hayes*, 2013 WL 5311450, 17 (N.D.Ill. 2013); *Joe Hand Promotions, Inc. v. DeMarco*, 2012 WL 3686790, 1 (N.D.Ill. 2012); *Myrick v. Aramark Corp.*, 2004 WL 906176, 6 (N.D.Ill. 2004).

It must be remembered that ours is an adversary system, and it is not the job of judges to do the work of lawyers. *See Williams v. Dieball*, _F.3d_, 2013 WL 3942932, *3 (7th Cir. 2013); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir.1999);. *Sanchez v. Miller,* 792 F.2d 694, 703 (7th Cir.1986); *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 315-16 (7th Cir.1986); *Chicago & Western Indiana R.R. v. Motorship Buko Maru,* 505 F.2d 579 (7th Cir.1974). The defendants' response to the motion to compel impermissibly contented itself with an *ipse dixit* approach, and the defendants must live with the consequences of that decision.

The defendants have waived a claim of privilege as to Exhibits 7 and 16, which must immediately be produced to the plaintiff.

DATED 9/29/14     **ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

4