**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN W. LEE, III, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 9245 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| CHICAGO YOUTH CENTERS, an | ) | Magistrate Judge Cole |
| Illinois nonprofit corporation; and | ) | |
| J. HARRY WELLS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On June 10, 2014, I granted the plaintiff's motion to compel production of certain materials for which the defendants had incorrectly claimed attorney/client and work-product privilege. *Lee v. Chicago Youth Centers*, _F.R.D._, 2014 WL 2618537 (N.D.Ill. 2014). Familiarity with that opinion and the facts of the case are presumed and thus need not be repeated. Given my conclusion that the materials being withheld were not privileged, I did not reach the plaintiff's contention that, in any event, the defendants had waived whatever protection the withheld documents might otherwise have enjoyed, including the claim of inadvertent production.

Judge Lefkow overruled the defendant's objections except as to two documents. As to those, she sustained the objection based on privilege but instructed me to "consider whether defendants have waived attorney-client privilege with respect to the two documents at issue," namely Exhibit 7 and the first two sentences of Exhibit 16, both of which are emails. Exhibit 7 was not produced in discovery. Exhibit 16 is a response to Exhibit 7, which was produced, although the defendants claim

the production was inadvertent.[1]

The plaintiff's motion to compel argued that the defendants' had waived any claim of attorney/client privilege, because they had taken "inconsistent and evolving positions regarding the privilege that they claim protects the materials." For example, they initially failed to identify any privilege. They then relied on the attorney/client privilege, but made no claim of work-product privilege until the third privilege log. [Dkt. # 68 at 13]. The motion then argued, citing appropriate cases, that the production of ESI materials could not be considered inadvertent given the facts of the case. *Id.*

The defendants' response to the motion to compel as it pertained to the claim of inadvertent production could scarcely have been more insouciant or inadequate. The response only cited Exhibits 15, 17, 19, 20, 22 and 35. [Dkt. #77]. In broad-brush strokes it asserted that it was "plain" that the defendants intended to maintain privilege over its communications with Dia Morgan and that it never intended to waive that privilege. But there was nothing plain or obvious about it. It certainly isn't accurate to say that any communication between a lawyer and a client is privileged. It isn't. Unless

---

[1] I informed the parties that there would be no further briefing on the waiver issue. Parties should not have a second go at an issue that was raised in the original briefing and which they had every incentive and opportunity to brief. Lawyers are obligated to present their best arguments in a comprehensive fashion when filing or objecting to a motion of any kind. "Do-overs" are simply impermissible, not only as a matter of fairness, but as a concession to what Holmes called "the shortness of life." *See Northstar Marine, Inc. v. Huffman,* 2014 WL 3894076, 2 (S.D.Ala. 2014)("'Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license ... to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome. This is improper.'").

Despite being told that there should be no further argument on the waiver question, the defendants' lawyer has represented in a letter that Exhibit 7 was not produced to the plaintiff. The plaintiff has objected to the inclusion of this statement in plaintiff's cover letter of August 14th enclosing the materials previously supplied in connection with the privilege issue. Plaintiff's counsel has offered to explain his position "that any claim of privilege has been waived as to" both Exhibits 7 and 16. I declined that offer.

the communication between the lawyer and client is made in confidence for the purpose of obtaining legal advice, the privilege does not apply. " *Lee*, 2014 WL 2618537, 6 (citations omitted). In any event, even if it were plain that a particular communication was privileged, that determination would not resolve a claim of inadvertent production.

The sum total of the defendants' support for its claim of inadvertent production consisted of one paragraph:

> The attachments to Exhibits 22 and 35 are privileged. They are not finalized documents that existed at CYC. It is plain that CYC intended to maintain privilege over its communications with Morgan and that it never intended to waive that privilege. The production of these communications was inadvertent. CYC did take reasonable steps to keep the Morgan documents from being produced. CYC timely informed Plaintiff's counsel of its position regarding these documents. After being alerted by Plaintiff's counsel about potential inadvertently produced documents, CYC had its vendor run a search in an attempt to determine what documents had been inadvertently produced and while it found some of the documents, it did not locate all of them because of the way the vendor had run the search. That is the reason it had not discovered two documents that Plaintiff surprised CYC with at the deposition.

As the plaintiff's reply brief pointed out, the defendants' claim of inadvertent production was "unsupported." (*Reply* at 10)[Dkt. #82 at 10]. Not a single case was cited, and no factual support was offered. There were merely the unsupported statements of the defendants' counsel, even though it is basic that unsupported statements of lawyers in briefs are not evidence, do not count, and are given no weight. *Sanchez v. Bolger*, 2005 WL 3159247, 5 (N.D.Ill.2005)(Lefkow, J.). *See INS v. Phinpathya,* 464 U.S. 183, 188–89 n. 6 (1984); *United States v. Adriatico-Fernandez,* 498 Fed.Appx. 596, 599-600 (7th Cir. 2012); *United States v. Chapman,* 694 F.3d 908, 914 (7th Cir.2012); *Clifford v. Crop Production Services, Inc.*, 627 F.3d 268, 273 n.6 (7th Cir. 2010); *United States v. Diaz,* 533 F.3d 574, 578 (7th Cir. 2008); *IFC Credit Corp. v. Aliano Brothers General*

*Contractors, Inc.,* 437 F.3d 606, 610-611 (7th Cir. 2006); *United States ex rel. Feingold v. AdminaStar Federal, Inc.,* 324 F.3d 492, 494, 497 (7th Cir. 2003); *Car Carriers Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984). *Cf. In re: Payne,* 431 F.3d 1055, 1060 (7th Cir. 2005)(Posner, J.)(unsubstantiated assertion at oral argument given no weight). An argument is waived by failure to properly support and develop in the brief the factual basis essential to its disposition *Morgan v. South Bend Community School Corp.,* 797 F.2d 471, 480 (7th Cir.1986). But that is all the defendants offered here.

The reply brief also pointed out that after being notified by the plaintiff's lawyer of the possibility that there might have been an inadvertent production, the defendants – even if we are to credit their assertions – simply asked their computer "vendor" – the same one who supposedly failed to identify the documents in the first place – to "'run a search in an attempt to determine what documents had been inadvertently produced.'" (*Reply* at 10). "From defendants' response it does not even appear that any attorney conducted a second review of the supplemental production as has been suggested by the defendants' counsel." *Id.*

There is a good deal of merit to the plaintiff's contention that defendants' four lawyers, who are members of a firm whose "website boasts a roster of 'nearly 800 attorneys,'" having "delegated document review to an unidentified outside vendor (particularly after having been specifically advised of a potential problem with the production)" simply cannot be heard to argue that they took "the kind of prompt reasonable steps to rectify any error in production which should allow them now to assert inadvertence and avoid a finding of waiver." *Id.* (Parenthesis in original). More importantly, the kind of conclusory, unsupported claim of inadvertent production is manifestly insufficient under Seventh Circuit precedent, which consistently holds that undeveloped, unsupported, perfunctory, or

4

skeletal arguments in briefs are waived. *See, e.g., Massuda v. Panda Exp., Inc.*, 759 F.3d 779, 783-784 (7th Cir. 2014); *C & N Corp. v. Gregory Kane & Illinois River Winery, Inc.*, 756 F.3d 1024, 1026 (7th Cir. 2014); *United States v. Beavers,* 756 F.3d 1044, 1059 (7th Cir. 2014); *Price v. Board of Educ. of City of Chicago,* 755 F.3d 605, 608 (7th Cir. 2014); *Williams v. Dieball*, 724 F.3d 957, 961 (7th Cir. 2013); *Diadenko v. Folino,* 741 F.3d 751, 757-758 (7th Cir. 2013); *Puffer v. Allstate Ins. Co.,* 675 F.3d 709, 718 (7th Cir. 2012); *United States v. Adriatico-Fernandez,* 498 Fed.Appx. 596, 599 (7th Cir. 2012).

This is a principle of long standing, *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir.1991) and one that Judge Lefkow has faithfully adhered to. *See, e.g., Pantaleo v. Hayes*, 2013 WL 5311450, 17 (N.D.Ill. 2013); *Joe Hand Promotions, Inc. v. DeMarco*, 2012 WL 3686790, 1 (N.D.Ill. 2012); *Myrick v. Aramark Corp.*, 2004 WL 906176, 6 (N.D.Ill. 2004).

It must be remembered that ours is an adversary system, and it is not the job of judges to do the work of lawyers. *See Williams v. Dieball*, _F.3d_, 2013 WL 3942932, *3 (7th Cir. 2013); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir.1999); *Sanchez v. Miller,* 792 F.2d 694, 703 (7th Cir.1986); *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 315-16 (7th Cir.1986); *Chicago & Western Indiana R.R. v. Motorship Buko Maru,* 505 F.2d 579 (7th Cir.1974). Having contented themselves to file a response to the motion to compel that was conclusory and factually and legally unsupported, the defendants must live with the consequences of that decision.

The defendants have waived any claim of inadvertent production as to Exhibits 7 and 16, which must immediately be produced to the plaintiff.

DATED  9/29/14  **ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**