IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN W. LEE, III, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>CHICAGO YOUTH CENTERS and )<br>J. HARRY WELLS, individually, )<br>)<br>Defendants. ) | Case No.: 12-cv-9245 |

**Defendants' Response to Plaintiff's Motion for Leave to
<u>Designate Treating Physicians and Submit Summary Report</u>**

Defendants, Chicago Youth Centers and J. Harry Wells, respond as follows to Plaintiff's Motion for Leave to Designate Treating Physicians and Submit Summary Report:

**I. Introduction**

The fact discovery cut-off for this case was September 30, 2014. In its October 7, 2014 the Court granted Plaintiff's previous Motion to Extend Discovery and imposed a November 28, 2014 deadline for Plaintiff to disclose expert witnesses, a January 30, 2015 deadline for Defendants to disclose expert witnesses, and an expert discovery closure date of February 27, 2015. In this Order, the Court declared that it would allow no further discovery extensions.

Now, after the deadline for Plaintiff to disclose experts, Plaintiff requests leave to name two additional expert witnesses—Drs. Thomas E. Bielanski and Fahad Iqbal. This Court should deny this request because it is untimely, and granting it would cause undue delay and add significant expense on a speculative new damage claim. Should this Court grant Plaintiff's Motion, Defendants request that factual discovery be reopened to permit Defendants to take discovery on these new medical issues and financial issues raised at this late hour.

### A. It is too speculative to relate Plaintiff's 2014 health event to his 2011 termination.

Plaintiff seeks to introduce Drs. Bielanski and Iqbad to opine that Plaintiff's June 2011 termination was a cause of his heart attack on November 24, 2014. Given the length of time from Plaintiff's termination and the multitude of factors that may contribute to or cause a heart attack, Plaintiff's claim is purely speculative, and at this late date Plaintiff should not be permitted to pursue such a claim. A myriad of factors may increase an individual's likelihood of having a heart attack -- genetic predisposition, diet, lack of exercise, lack of sleep, and many other factors.

"[A] plaintiff's burden may not be carried with evidence based merely upon supposition or speculation. Evidence establishing a mere possibility of cause or which lacks reasonable certainty or probability is not sufficient evidence by itself to support a verdict." *Perrey v. Donahue,* 703 F. Supp. 2d 839 (N.D. Ind. 2010) (quoting *City of East Chicago v. Litera,* 692 N.E.2d 898, 901 (Ind. Ct. App. 1998)). "Medical testimony establishing a mere possibility of causal connection, standing alone and unsupported by other evidence, is not sufficient to support a verdict." *Hardiman v. Davita Inc.*, 2007 U.S. Dist. LEXIS 34569, 49-50 (N.D. Ind. May 10, 2007) (citing *Top v. Leffers,* 838 N.E.2d 1027, 1032-1033 (Ind. Ct. App. 2005); *Walker v. Cuppett*, 808 N.E.2d 85, 95 (Ind. Ct. App. 2004)). "A plaintiff's burden of proof may not be carried with evidence based upon mere supposition or speculation." *Id.* (citing *Longardner v. Citizens Gas and Coke Util.,* 856 N.E.2d 796, 2006 WL 3230303, at *5 (Ind. Ct. App. Nov. 8, 2006). See also *Jastremski v. U.S.,* 737 F.2d 666, 671 (Ind. Ct. App. 1994) ("[a] finding of proximate cause may not be based on speculation or conjecture").

### B. Defendants would be prejudiced by lack of discovery on undisclosed issue.

Defendants have not engaged in medical discovery up until this point as there was no reason to conduct such discovery. Plaintiff's Rule 26 disclosures and discovery responses do not

name any medical witnesses. Plaintiff's discovery responses, completed in July 2013, explicitly state that he had not sought treatment for any condition relating to his termination. S*ee* Plaintiff's Responses to Defendants' Interrogatories, Page 22, attached as Exhibit A; see also Plaintiff's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1), attached as Exhibit B, in which Plaintiff did not disclose any medical witnesses or potential witnesses whatsoever.

Plaintiff never supplemented these responses. Dr. Bielanski's statement asserts that he had been treating Plaintiff for "several years" prior to December 2014 and that he has been aware of the stress he has been under since his termination. But, Plaintiff never before claimed or disclosed that Dr. Bielinski would testify to any issues related to stress arising from the termination. While Defendants appreciate that Plaintiff's heart attack just happened well after his Rule 26 disclosures and written discovery responses, this fact simply highlights the speculative nature of the claim being brought three-and-half years after the termination.

If the Court permits these opinions, Defendants would be prejudiced by the fact that it has not had an opportunity to subpoena medical records from Plaintiff's treating physicians, depose Plaintiff's treating physicians, depose Plaintiff on issues of his medical health and factors about his health and life style that could contribute to a heart attack, and factors related to his finances. In his motion, Plaintiff states that he has been under stress as a result of his financial issues at this time. While Defendants understand that Plaintiff suffered a financial loss from his termination, Plaintiff also receives a pension of $54,000 a year. There are other financial issues related to Plaintiff's finances that would need to be discovered if Plaintiff is going to be permitted to argue that his termination caused him financial stress leading to a heart attack. For instance, with regard to Plaintiff's mortgage, what is the amount of the mortgage, when did he take out the mortgage, what financial planning did Plaintiff do, etc. These are all factual issues

that Defendants would need to discover so that it can defend a claim that the termination caused stress and financial issues causing a heart attack three-and-a-half years after termination.

To not allow Defendants such information would be significantly prejudicial on this issue. While Defendants would request that it be permitted to take this discovery and permitted time to disclose experts after it obtains factual discovery on these issues, Defendants submit that this is not a fair remedy to the Defendants in this case. This case has been going on for a long time, and it has to have an end point. Re-opening discovery would significantly add to the length of time this case would get to trial and to the expense for both parties. Given how speculative the claim is in the first place, and given how long this case has been pending, the time for discovery should be over.

### C. Should This Court Grant Plaintiff's Motion, Defendants Request Leave to Open Discovery on the Factual Issues Raised by the New Disclosures and Time to Disclose an Expert

If this Court permits Plaintiff to name these two new experts, then Defendants request that it be permitted leave to take discovery on the new medical and financial issues as follows:

1. Permit written discovery to Plaintiff requiring disclosure of all medical treatment and treaters in the last 20 years;

2. Permit the deposition of the Plaintiff on the issues of his medical history, his genetic history, his lifestyle and diet and any other issues that could lead to a heart attack, and permit questioning on Plaintiff's finances, his mortgage, and his income;

3. Permit subpoenas to issue to Plaintiff's medical providers;

4. Permit the depositions of Plaintiff's medical treaters;

5. Permit Defendants time to disclose an expert witness on the issues newly raised by Plaintiff and time to produce the witness for deposition.

WHEREFORE, Defendants respectfully request this Court deny Plaintiff's *Motion for Leave to Designate Treating Physicians and Submit Summary Report Under Fed. R. Civ. P. 26(a)(2)(C)* or, in the alternative, grant Defendants leave to conduct the discovery outlined above and leave to extend discovery deadlines.

Dated: January 16, 2015

Respectfully Submitted,
**CHICAGO YOUTH CENTERS and
J. HARRY WELLS, individually**

By: /s/ David M. Holmes
One of its attorneys

David M. Holmes
Angela M. Shparber
WILSON ELSER MOSKOWITZ
  EDELMAN & DICKER LLP
55 West Monroe Street – Suite 3800
Chicago, Illinois 60603
312.704.0550 p | 312.704.1522 f

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing **Defendants' Response to Plaintiff's Motion for Leave to Designate Treating Physicians and Submit Summary Report** was electronically delivered to counsel of record for Plaintiff on January 16, 2015:

Luke DeGrand
Tracey L. Wolfe
DEGRAND & WOLFE, P.C.
20 S. Clark Street, Suite 2620
Chicago, Illinois 60603
T: (312) 236-9200 | F: (312) 236-9201
ldegrand@degrandwolfe.com
twolfe@degrandwolfe.com

/s/ David M. Holmes