# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. LEE, III, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 9245 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| CHICAGO YOUTH CENTERS, an | ) | Magistrate Judge Cole |
| Illinois nonprofit corporation; and | ) | |
| J. HARRY WELLS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

## INTRODUCTION

Pursuant to the discovery schedule in this case, fact discovery closed on September 30, 2014. Plaintiff was required to disclose his expert and expert's report by November 28, 2014 and defendants had until January 30, 2015 to designate experts and provide reports under Rule 26(a)(2)(B), Federal Rules of Civil Procedure. Expert discovery is set to close on February 27, 2015. [Dkt. #92, 117]. However, on November 24, 2014, four days before the deadline for his expert disclosures, Mr. Lee suffered a heart attack and was hospitalized in the cardiac intensive care unit of West Suburban Medical Center in Oak Park, Illinois. On November 26, 2014, Mr. Lee's counsel informed the defendants of what had occurred. Mr. Lee timely submitted the expert report of forensic accountant, Michael Pakter.[1]

---

[1] Mr. Lee has represented in his Reply brief that a week after the heart attack and three business days after the date established by the court for the disclosure of plaintiff's experts, his counsel asked for the defendants' position on an extension to designate a medical expert regarding the causal connection between the heart attack and the stress he experienced from being fired. Defense counsel did not respond until
(continued...)

Immediately thereafter, Mr. Lee's counsel identified to defense counsel the two physicians who treated Mr. Lee for his heart attack: Dr. Thomas E. Bielanski and Dr. Fahad Iqbal. It is Mr. Lee's position that the stress that he suffered from being wrongfully fired from his position with the defendant was a proximate cause of the heart attack[2] – that is, that his recent heart attack was due in part to the stress he has been under since being fired from his position by the defendant. In addition to losing his employment along with his salary and a substantial portion of his planned retirement income, his financial precariousness has put him in a position where he may lose his home.

Mr. Lee has moved for leave to designate Doctors Iqbal and Bielanski as treating physicians who will testify at trial and to submit their summary reports under Rule 26(a)(2)(C), Federal Rules of Civil Procedure. A copy of the summary reports are attached as Exhibits A and B to Mr. Lee's motion. [Dkt. #119]. While not denying that Mr. Lee recently suffered a heart attack and that they were promptly notified by plaintiff's counsel, the defendants vigorously object to the motion, invoking the order of October 7, 2014, which provided that there would be no further extensions of discovery. (*See* Response to Plaintiff's Motion for Leave to Designate Treating Physicians and Submit Summary Report, Dkt. #124). Perhaps recognizing that the order of October 7th could not have envisioned Mr. Lee's recent unfortunate medical situation, the defendants contend that they will be prejudiced if the motion is granted since they have not had an opportunity to subpoena medical

---

[1](...continued)
December 18, 2014. (Reply at 14, Dkt. #125).

[2] As the Supreme Court has recently held, in tort law, proximate cause requires only some direct relation between the injury asserted and the injurious conduct alleged and excludes only those links that are too remote, purely contingent, or indirect. *Staub v. Proctor Hosp.*, 562 U.S. 411 (2011). *See Goswami v. DePaul University,* 2015 WL 251304, 15 (N.D.Ill. 2015).

records, depose the treating physicians, or depose plaintiff about issues relevant to factors that might have contributed to a heart attack. (Defendant's Response #124 at 4).

**A.**

We begin with the defendants' argument that the plaintiff's claim that his heart attack is linked to his firing is "purely speculative" and that a multitude of factors might have contributed to Mr. Lee's heart attack. For purposes of this Motion, this argument is a nonstarter.

The current motion in effect seeks an extension of the expert discovery schedule, and it is pointless to argue that good cause has not been shown. Indeed, it is harder to imagine a better cause than the one set forth in Mr. Lee's motion. Moreover, the motion seeks to invoke the vast discretion that a court has in the oversight and scheduling of discovery under the Federal Rules of Civil Procedure. *Cf. Crawford–El v. Britton,* 523 U.S. 574, 598 (1998); *Semien v. Life Insurance Co. of N.A.,* 436 F.3d 805, 813 (7th Cir. 2006). Discretion denotes the absence of a hard and fast rule. *Langnes v. Green,* 282 U.S. 531, 541 (1931); *Rogers v. Loether,* 467 F.2d 1110, 1111–12 (7th Cir.1972)(Stevens, J.).

Under this standard, a court must act "with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Langnes,* 282 U.S. at 541. An abuse of discretion occurs when no reasonable person could agree with the district court's decision. *Adams v. City of Indianapolis,* 742 F.3d 720, 727 (7th Cir.2014); *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 953 (7th Cir.2013). That is a difficult showing to make. Indeed, on a virtually identical set of facts, two decision makers can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion and both be affirmed on appeal. *Mejia v. Cook County, Ill.,* 650 F.3d 631, 635 (7th Cir.2011); *United States. v. Banks,* 546

3

F.3d 507, 508 (7th Cir.2008). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir.2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable....").

Under the unforeseen and unforeseeable circumstances that have occurred on the eve of the close of discovery, and there being no dispositive motion schedule or trial date in place, it would be unjust – and thus an abuse of discretion – not to allow the plaintiff to be able to designate the doctors who attended to him following his recent heart attack. To deny the plaintiff's motion to designate Doctors Bielanski and Iqbal would be inconsistent with the oft-stated insistence that the Federal Rules of Civil Procedure be construed to secure the "just" determination of cases and in accord with the general policy favoring the resolution of cases on their merits. *See, e.g., Vance v. Rumsfeld*, 653 F.3d 591, 608 (7th Cir.2011); *Sun v. Board of Trustees of University of IL,* 473 F.3d 799, 811 -812 (7th Cir.2007); *Musser v. Gentiva Health Services,* 356 F.3d 751, 759-760 (7th Cir.2004); *Rice v. City of Chicago*, 333 F.3d 789, 785 (7th Cir. 2003). That is also the view of the Supreme Court. *Cf. Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512-13 (2002); *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 316 (1988)*; Hickman v. Taylor,* 329 U.S. 495, 500 (1948).

**B.**

Ultimately, the plaintiff's real argument is that the plaintiff's claim is "purely speculative," and "at this late date, Plaintiff should not be permitted to pursue such a claim." After all, say the defendants, a "multitude of factors...may contribute to or cause a heart attack...." (Response at 2). The problems with this observation are obvious. First, what if there were no other contributing factors besides stress. Not everyone has high blood pressure and high cholesterol, or other factors that contribute to heart disease. Second, that there may have been other factors at work besides the stress caused by the allegedly unlawful firing does not mean that there can be no causal relationship

4

between the heart attack and the stress. That is a question involving the meaning of proximate cause in tort law on which the defendants' brief is silent. *See supra* at 2, n. 2. Third, and perhaps most important, the defendants' brief is not supported by a Declaration or affidavit by a physician or other competent health care professional. There is only the unsupported conclusions of the defendants' lawyers, and that is not enough to demonstrate the absence of a causal relationship. *Cf. United States v. Chapman,* 694 F.3d 908, 914 (7th Cir. 2012)("'a lawyer's unsupported statements are, of course, not evidence,'... and here counsel did not submit reports or affidavits from experts, or any other evidence, to demonstrate a causal relationship between Chapman's criminal history, employment history, and acceptance of responsibility and his individual likelihood of reoffending.").

In case after case, the Supreme Court and the Seventh Circuit have not deviated from the uncompromising principle unsupported statements of counsel in briefs are not evidence and do not count. *See INS v. Phinpathya,* 464 U.S. 183, 188–89 n. 6 (1984); *United States v. Adriatico–Fernandez,* 498 Fed.Appx. 596, 599–600 (7th Cir. 2012); *Clifford v. Crop Production Services, Inc.,* 627 F.3d 268, 273 n. 6 (7th Cir. 2010); *United States v. Diaz,* 533 F.3d 574, 578 (7th Cir. 2008); *IFC Credit Corp. v. Aliano Brothers General Contractors, Inc.,* 437 F.3d 606, 610–611 (7th Cir. 2006); *United States ex rel. Feingold v. AdminaStar Federal, Inc.,* 324 F.3d 492, 494, 497 (7th Cir. 2003); *Car Carriers Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984). *Cf. In re Payne,* 431 F.3d 1055, 1060 (7th Cir. 2005) (Posner, J.)(unsubstantiated assertion at oral argument given no weight).[3]

---

[3] As the plaintiff points out, "[t]he assertion by defense counsel in a response brief should not be allowed to substitute for a properly supported *Daubert* challenge. After all, how does defense counsel profess to know whether it is 'too speculative' to make a medical connection between the stress Lee has lived under for the past 3-plus years and the heart attack he suffered?" (Reply at 9).

Fourth, the defendants are in essence seeking to have a decision on a motion to extend and modify a discovery schedule serve as a substitute for a *Daubert* hearing – and that, without any proof from the defendants. There are merely the conclusory assertions by their lawyers which they are demonstrably incompetent to make. And fifth, whether the materials submitted by the plaintiff are sufficient to satisfy *Daubert* is a question not appropriate for resolution at this time. Ultimately, that is a matter not for me given the nature of the current motion and under the limited scope of the referral from Judge Lefkow, but for her, after a plenary *Daubert* hearing.

Finally, it should be noted that not only modern medicine but even older cases recognize that there can be a causal connection between stress and heart attacks. In addition to the cases cited at 12-13 of the plaintiff's reply brief, *see, DePass v. United States*, 721 F.2d 203, 208-209 (7th Cir.1983)(parenthesis in original)(emotional stress and (more important) lack of exercise are believed to be among the causes of heart disease....); *Robert v. Consolidated Rail Corp*. 832 F.2d 3, 5 (1st Cir.1987)( "Though the Court agrees with the Magistrate's estimation of the difficulties of proving a causal connection between job-related stress and heart disease, this difficulty alone does not demand that summary judgment be granted. ... Once it is assumed, as it must for purposes of summary judgment, that [Robert's] physician is correct in his opinion that [Robert's] heart attack is attributable, at least in part, to job-related stress, it should be for the ultimate trier of fact to assess whether this is true."); *Walsvick v. Cuna Mutual Ins. Co.,* 2004 WL 1354365, 7 (W.D.Wis.2004)("In plaintiff's own letter, he noted a number of medical journal articles that indicated a causal relationship between work stress and coronary heart disease."); *Jones v. Hawkins,* 1998 WL 327091, 3 (E.D.La.1998)("to causation, the ALJ further found 'the inference compelling that such stress as Hawkins was subject to must have contributed to some degree to the adverse progress of Hawkins'

6

heart disease.' The ALJ found this causal connection even in the absence of evidence that claimant had experienced noticeable symptoms of heart disease prior to his death.").

C.

As Judge Dow's decision in *Piskorowski v. Target Corp.*, 2014 WL 321436 (N.D.Ill. 2014)(reversing his own prior opinion that a treating physician was required to produce a written report under Rule 26(a)(2)(B)), shows, a summary report under Rule 26(a)(2)(C) is all that is required from Doctors Bielanski and Iqbal.

D.

Granting the plaintiff's motion is the beginning and not the end of the required analysis. The defendants are entitled to no less consideration than is the plaintiff. Consequently, while the plaintiff is entitled to take discovery to support his theory of the case, the defendants must have an equal opportunity to meet the proof. And so, the defendants quite properly request that should the court grant plaintiff's motion, they be granted leave to open discovery in time to disclose their own expert. That motion, which appears on page 4 of their response brief, is granted on the following conditions:

1. Written discovery requiring disclosure of all medical treatment and treaters will be allowed for the past 10 years, not the past 20 years;

2. Subject to his ability to be deposed, the plaintiff may be deposed on the issues of his medical history, his lifestyle and diet, other stressors in his life besides his firing, and other issues that could have reasonably lead to his heart attack, including, but obviously not limited to elevated cholesterol, possible cigarette-smoking, and a documented neurological event that was an indication of atherosclerotic disease, *Thelma Drinkwater v. Jesse Brown, Secretary of Veterans Affairs* 1996 WL 408627, 2 (Vet.App.1996). This is obviously a non-exclusive list of permissible topics. The

deposition will be limited to three hours absent a showing of good cause that additional time is necessary.

3.  The plaintiff may not be deposed on matters relating *generally* to his finances. The defendants had ample opportunity to conduct discovery in this area. Discovery has been closed and good cause has not been shown to allow the defendants to do belatedly that which their lawyers chose not to do in accordance with the discovery schedule. Tactical decisions have consequences with which parties must live. *Crowe ex rel. Crowe v. Zeigler Coal Co.*, 646 F.3d 435, 444 (7th Cir. 2011); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490-492 (7th Cir. 2002).

4. They may, however, examine the plaintiff on matters relating to the possible loss of his home.

5.  The defendants may issue subpoenas to plaintiff's medical providers within the past 10 years;

6.  The defendants may depose the plaintiff's two medical treaters, Dr. Iqbal and Dr. Bielanski;

8.  The defendants shall be permitted to disclose an expert witness on the issues raised by Doctors Iqbal and Bielanski, and the plaintiff may depose the newly disclosed witness;

9.  The discovery contemplated by this Opinion shall proceed on an expedited basis in accordance with a schedule to be immediately agreed upon by counsel, but in no event shall extend beyond May 27, 2015.

10. That aspect of the plaintiff's motion that asks for a "suggestion" to Judge Lefkow that she should not delay the scheduling of future proceedings, including summary judgment briefing and trial is denied. (Reply at 8). The denial is based not on my view that expedition in this case is not

desirable, but because Judge Lefkow hardly needs me to tell her how to proceed in the case. Mr. Lee's counsel can, of course, if he chooses, make immediate application to Judge Lefkow so that she may decide on a schedule that will best accommodate the needs of the parties and her own schedule.

**CONCLUSION**

The Plaintiff's Motion for Leave to Designate Treating Physicians and Submit Summary Reports under Rule 26(a)(2)(C) is granted as set forth in this Opinion.

**ENTERED:** _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 2/3/15